Fee Pd.
Rec.# B33002116

## IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF KENTUCKY AT BOWLING GREEN

Jyrome of the Family Paige
Party Aggrieved

VS.

42 U.S.C. § 654(3) ALONE, AND APART
CHILD SUPPORT PROGRAM;
45 C.F.R. § 75.2 CONTRACTOR
WARREN COUNTY;
45 C.F.R. § 75.2 CONTRACTOR
WARREN COUNTY CIRCUIT COURT
DIVISION III;
45 C.F.R. § 75.2 CONTRACTOR
WARREN COUNTY'S SHERIFF'S
DEPARTMENT;
45 C.F.R. § 75.2 CONTRACTOR
WARREN COUNTY REGIONAL JAIL;
45 C.F.R. § 75.2 CONTRACTOR  BRANDI
DUVALL;
45 C.F.R. § 75.2 CONTRACTOR DAVID
A. LANPHEAR;
45 C.F.R. § 75.2 CONTRACTOR JAMES
DOWNEY;
45 C.F.R. § 75.2 CONTRACTOR LISA
CLARK;
45 C.F.R. § 75.2 CONTRACTOR
WARREN COUNTY CHILD SUPPORT
ENFORCEMENT SERVICES INC.,
DEFENDANTS,

**FILED**
VANESSA L. ARMSTRONG, CLERK

FEB 18 2020

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

CASE NUMBER

1:20CV-34-GNS

Lawsuit Brought Under
42 U.S.C. §1983 Deprivation of Rights
Under Color of Law

## COMPLAINT FOR FRAUD, FRAUD IN THE INDUCEMENT, FALSE ADVERTISING, FORCED COMPELLED ASSOCIATION AND 42 U.S.C. § 1983 DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

COMES NOW, Jyrome of the Family Paige who moves the Court for entry of

judgment in his favor because the Defendants forced and compelled him to associate

1

with them against his will thus violating Article I. Section 9 Paragraph 3, and his First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights, privileges and immunities secured by the Constitution and Laws, and brings this suit under 42 U.S.C. § 1983 for deprivation of his rights under color of law and seeks declaratory relief and damages. Defendants pursuant to Title IV-D, Section 458 of the Social Security Act violated the United States Constitution for billions in incentive money and profits did knowingly, willfully, and with premeditation violate the civil and inherent rights of Paige under contract with a private for profit IV-D franchise.

## MEMEORANDUM

This memorandum complies with provisions necessary to establish presumed fact, pursuant to Rule 301 Federal Rules of Evidence, and attending State rules. Should any of the above-named parties fail to rebut any given allegation of factor matter of law addressed herein with specificity, the position will be construed as adequate to meet requirements of Judicial Notice, thus preserving fundamental Law. Matters addressed herein, if not rebutted, will be construed to have general application. This action addresses the issue of the Defendants operating a federal IV-D franchise in this state by false and misleading pretenses, performing contractual obligations, for profit and gain and not in the best interest of human offspring or benefit to Paige.

## I. JURISDICTION IS PROPER

This court has subject matter jurisdiction through this well pleaded complaint. Compliance with Title IV-D of the Social Security Act, Pub. L. No. 93-647, 88 Stat. 2351 (1975), 42 U.S.C. § 651, under 45 C.F.R § 303.107 requirements led to this cause of action, and § 1983 itself makes Defendants liable to Paige and provides remedy and relief to him.

## II. VENUE IS PROPER

2

Venue in this Court is proper as to each Defendant pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2) because constitutional deprivations giving rise to the claims occurred within this district.

## III. EXHAUSTION

Paige petitioned Defendants for redress of his grievance on August 26, 2019, but his request for constitutional remedy was ignored. State postdeprivation remedies are not available and converts this cause of action into a constitutional due process and deprivation claim. §1983 is now the only vehicle which Paige may assert his civil claims into constitutional injuries.

## IV. THE ROOKER FELDMAN, DOMESTIC RELATIONS, AND THE YOUNGER ABSTAINATION DOCTRINE DO NOT BAR THIS SUIT.

1. State family and family-property law must do "major damage" to "clear and substantial" federal interests before the Supremacy Clause will demand that state law be overridden. *United States v. Yazell*, 382 U.S. 341, 352 (1966). [439 U.S. 572, 582]. "The Rooker Feldman, Domestic Relations and Younger Abstention  Doctrines provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of [state courts]. However, under the current 31 U.S.C. § 6305 and 45 C.F.R. § 302.34 contracts, and 45 C.F.R § 303.107 (c) requirements, the Defendants hereafter 45 C.F.R. § 75.2 contractors did voluntarily enter into the contract with CSP, the extension of the OCSE to offer and sell IV-D services as an administrative franchise not a constitutional court. Therefore, Defendants while performing contractual obligations and duties of the 28 U.S.C. § 3002 (15)(A) federal corporation in return for payment therefrom are corporate entities posing as the Constitutional branches of government.

2. While performing under the contractual obligation, all named parties succeeded to the status of 45 C.F.R. § 75.2 IV-D contractor employed by the CSP umbrella agency under the executive branch. The contract contained a clear description of the [specific duties] functions and responsibilities of the court and judge by standards of performance which meet Federal requirements in compliance

with title IV-D of the Act, implementing Federal regulations. Under 45 C.F.R §
303.107 performance of duties, named Defendants waived eleventh amendment
immunity as an independent branch of the government constitutionally entrusted to
protect the rights and liberties guaranteed by the Constitution and laws of the
United States and this state.

3. Furthermore, Judges failed to faithfully and impartially discharge and
perform all the duties incumbent upon the him/her under the Constitution and laws
of the United States. "…judges who become involved in enforcement of mere
statutes (civil or criminal in nature and otherwise), act as mere "clerks" of the
involved agency…" *K.C. Davis, ADMIN. LAW, Ch. 1* (*CTP. West's 1965 Ed.*). When
45 C.F.R. § 75.2 contractors were operating as clerks of the CSP masquerading as
Judges, they cannot do anything judicial, and if they attempt to do anything
judicial, it is a nullity. "Ministerial officers are incompetent to receive grants of
judicial power from the legislature, their acts in attempting to exercise such powers
are necessarily nullities" *Burns v. Sup.*, Ct., SF, 140 Cal. 1.

## V. WAIVER OF ELEVENTH AMENDMENT IMMUNITY

1. IV-D contractors, agents, employees, and subcontractors did perform under
obligation of an IV-D contract in an independent capacity and not as officers or
employees or agents of the State of Kentucky or the CSP. "When the U.S. enters
into contract relations, its rights and duties therein are governed generally by the
law applicable to contracts between private individuals who are parties to such
instruments, there is no difference". *United States v. Windstar Corp.* 518 U.S. 839.
As such under 31 U.S.C. § 6305 and 45 C.F.R. § 302.34 contracts Defendants did not
represent the state, they represent the 42 U.S. Code § 3122 (5) OSCE,
instrumentality of the United States. "Once the United Sates waives its immunity
and does business with citizens, it does so much as the party never cloaked in
immunity". *Franconia Association v. United States,* 536 U.S. 129.

2. Under the current contracts, 42 U.S.C. § 654 (3) created the single and
separate CSP as an arm of the OSCE not an arm of the State of KY., concealed in

4

the Executive Branch while contractually performing IV-D obligations and duties of the OCSE. The federal government provides Defendants shares of billions to offer, and sell IV-D services for the OCSE, under the control of the Alex Azar, the 42 U.S.C. § 1301 (6) Secretary of the U.S. DHHS, a foreign corporation with respect to the state *19 C.J.S. §883*. The powers of this state and county are vested by the Constitution of Kentucky which mandates the basic principles and laws that the government was instituted to be a benefit security and protection of the people and limits the power and duties of this state and county government to that end and more importantly, the constitution guarantees certain rights to the people living in it. IV-D services are far cry from being constitutional in nature.

3. The IV-D franchise is a "partnership" against whom a § 1983 claim for money damages may be asserted". The IV-D franchise is a "private business for profit" affecting or belonging to private individuals, as distinct from the public generally, not official, not clothed with office". *People v. Powell*, 280 Mich. 699, 274 N.W. 372, 373, 111 A.L. R. 721, and can be sued. Wherefore, the standing jurisprudential principle is the Defendants voluntarily entered to perform contractual obligation outside of its constitutional creation amount[s] to the automatic waiver of its Eleventh Amendment Immunity. The principle question has been answered regarding whether the Defendants through voluntarily contractual participation in the IV-D program waives its Eleventh Amendment Immunity.

## VI. INTRODUCTION

1. 42 U.S.C. § 652 (a) required the national IV-D franchise to be administered by a "separate" organizational unit under the control the Assistant Secretary for Family Support designated by and reporting directly to the 42 U.S.C. § 1301 (6) Secretary of the U.S. Department of Health and Human Services (HHS). Presently, this office is known as the 42 U.S.C. § 3122 (5) Federal Office of Child Support Enforcement (OCSE), which oversees the national IV-D franchise. OCSE also provides, under a contract with the American Bar Association Child Support

5

Project, training and information dissemination on legal issues to persons working in the field of child support enforcement.

2. Accordingly, 31 U.S.C. § 6305 and 45 C.F.R. § 302.34 contracts under 45 C.F.R § 303.107 requirements created the IV-D franchise. Both contracts are the chattel personal property of the Federal Office of Child Support Enforcement, the franchisor. OCSE and Kentucky are in a "partnership" and carry on as co-owners of a business for profit. *Schleicker v. Krier*, 218 Wis. 376, 261 N.W. 413. Uniform Partnership Act, § 6(1). KY placed the IV-D franchise within the Cabinet For Health And Family Services umbrella agency which is now the employer to agency 45 C.F.R. § 75.2 contractors who work under the fixed term 45 C.F.R. § 302.34 contract assignment.

3. IV-D is a franchise because Defendants could not just go out on their own to offer and sell IV-D services to make a profit. IV-D contracts created a mutually binding, legal relationship obligating Defendants to "offer and sell" IV-D services in order to create IV-D cases and "perform" other administrative duties of the OCSE that pertain to IV-D cases in return for payment from the OCSE.

4. The Secretary interpreted "substantial compliance" as full compliance with requirements that IV-D services be offered and sold statewide i.e., locate noncustodial parents, establish paternity, establish and enforce support orders, modify orders when appropriate, collect and pay IV-D payments. Under the current contracts the 42 U.S.C. § 654 (3), CSP submitted a plan that outlined how the franchise will offer and sell IV-D services for profit in compliance with federal law.

5. (OCSE), the franchisor granted CSP the franchisee the right to use its trade-name Child Support Enforcement. This also included detailed techniques in marketing, advertising, operating, offering, selling, collections, and training of IV-D contractors, their agents, and employees to increase profits.

6. The Assistant Secretary for Children and Families has full responsibility for the evaluation of the IV-D franchise. Pursuant to Public Law 104-193, Defendants must annually review and report to the Secretary of HHS information adequate to determine their compliance with Federal requirements for expedited

6

procedures, timely case processing, and improvement on their "performance". To measure services offered and sold and collected by Defendants and to assess the adequacy of financial management of the franchise, federal regulations specify that 90 percent of cases must be processed within 3 months, 98 percent within 6 months, and 100 percent within 12 months.

7. The franchisor must conduct an audit of the franchisee at least once every 3 years and more often if the franchisee fails to meet Federal requirements. Under the audit's penalty provision, the franchisee's TANF Block Grant must be reduced by an amount equal to at least 1 but not more than 2 percent for the first failure to comply and meet its quota and, at least 2 but not more than 3 percent for the second failure, and at least 3 but not more than 5 percent for the third and subsequent failures.

## VII. STATEMENT OF FACTS

The Defendants deprived Paige of his interest pursuant to established IV-D activities, and Due Process was denied and deprived pursuant to 45 C.F.R. § 302.34 because there was no constitutional court hearing provided before he was deprived of his property interest. *Nnebe v. Daus,* 644 F.3d 147,158 (2d Cir. 2011). 45 C.F.R. § 75.2 contractors, and agents, and employee's premeditated acts and omissions violated Due Process because they knew well in advance that no law required them to offer and sell IV-D services, and said services were not intended to benefit custodial parents or children, *Blessing v. Freestone,* 520 U.S. at 343, 117 S. Ct. at 1361, 17 L. Ed. 2d at 584, and that IV-D services are intended to benefit the public treasury not Paige. *Wehunt v. Ledbetter,* 875 F2.d 1558.

## VIII. THE PARTIES

**Party Aggrieved** Jyrome of the Family Paige, the adult male of the *hu-man* species above the age of puberty, created by the Creators of the universe, Genesis 1;26, (see Preamble), born equal, free, and independent, not subject to" the "legal" constraint of another, unconstrained having power to follow the dictates of his own free will, "not subject to" control, restriction, modification or limitation from a given outside source, possessing inalienable inherent rights among which are enjoying

7

and defending his life and liberty, acquiring, possessing, protecting property and reputation, and seeking and obtaining happiness and safety.

**Defendants:**

42 U.S.C. § 654 (3) single and separate Child Support Program, the IV-D agency
45 C.F.R. § 75.2 IV-D contractor Warren County
45 C.F.R. § 75.2 contractor Warren County Circuit Court Division III
45 C.F.R. § 75.2 IV-D contractor Warren County Sheriff Department
45 C.F.R. § 75.2 IV-D contractor Warren County Regional Jail
45 C.F.R. § 75.2 IV-D contractor Brandi Duvall
45 C.F.R. § 75.2 IV-D contractor David A. Lanphear
45 C.F.R. § 75.2 IV-D contractor James Downey
45 C.F.R. § 75.2 IV-D contractor Lisa Clark

45 C.F.R. § 75.2 contractor Warren County Child Support Enforcement Services Inc.


## IX. DEFENDANTS ARE PROPERLY NAMED AND IDENTIFIED

A. Pursuant to F.R.C.P. 17 (a)(3)(b) CAPACITY TO SUE OR BE SUED. Capacity to sue or be sued is determined as follows: (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws.

B. 45 C.F.R. § 75.2 Contractor means an entity under contract providing IV-D services and functions of the IV-D Program under 45 C.F.R § 302.34 and is inclusive of those agents of the program procured through purchase-of-service contracts, contractual agreements or memoranda of understanding with the IV-D franchise.

### 1. Claim for Relief Under 42 U.S.C. § 1983 for Fraudulent Inducement

A. Defendants performing under contractual, policies, habits customs, and practices, fraudulently induced Paige pursuant to Sec. 403 Grants (a)(5)(C)(iii)(III), to enter into the terms of a personal responsibility contract. Paige was also induced to make a commitment to Defendants to cooperate in the payment of IV-D; to participate in employment or related activities so he could make regular payments to the Defendants; a commitment to participate in services, designed to compel Paige to obtain and retain employment and increase his earnings in order to

increase their federal profits; and induced him under Sec. 466(a) 42 U.S.C. § 666 (a) (15) (A) (I) to have procedures to ensure that "if he" owed past-due support he will work or have a plan for payment.

B. WHEREFORE, Defendants obtained the contract by means of fraud and material misrepresentation, when Paige was under no duty to enter into the contract, which is now the key element supporting his claim for fraudulent inducement.

**2. Claim for Relief Under 42 U.S.C. § 1983 for Fraud.**

A. Title IV-D of the Social Security Act, Pub. L. No. 93-647, 88 Stat. 2351, 42 U.S.C. § 651 does not require Defendants to offer and sell IV-D services. See *Mason vs. Bradley*, 1992 US Dist. "In this regard, the court agreed with the finding in Oliphant, slip op. at 16, that Title IV-D does not require participating states to provide child support services to AFDC applicants the state, like other states which have "voluntarily" agreed to participate in the AFDC program are required to offer child support services as a condition of receiving federal funding.

B. Defendants publicly advertise on their website that "every child has the right to support from both parents", and that. In *Blessing v. Freestone*, 520 U.S. at 343, 117 S. Ct. at 1361, 17 L. Ed. 2d at 584, the United States Supreme Court explained, "The requirement that a State operate its child support program in "substantial compliance" with Title IV-D was not intended to benefit individual children and custodial parents, and therefore it does not constitute a federal right. Far from creating an individual entitlement to services, the standard is simply a yardstick for the Secretary to measure the systemwide "performance" of a State's Title IV-D program. Thus, the Secretary must look to the aggregate services provided by the State, not to whether the needs of any particular person have been satisfied. In *Pryce*, we distinguished *Blessing*, which held that Title IV-D does not give individuals a federal right to force an IV-D agency to substantially comply with Title IV-D. *Pryce, supra*, 384 *N.J. Super.* at 202 n.1; *Blessing, supra*, 520 U.S. at 333, 117 S. Ct. at 1356, 137 L. Ed. 2d at 577.

C. Defendants did in fact commit fraud, and the essential elements support Paige's fraud claim because Defendants (1) misrepresented the material facts that IV-D was for the best interest of children and custodial parents, and creates a federal right to service, and needy families with children were the intended beneficiaries of the statute, (2) Defendants knew the misrepresentations were false, in that IV-D was only created to benefit the state treasury not children; (3) and Paige justifiably relied on the misrepresentations; and (4) an actual injury and loss resulted from his reliance in the misrepresentations.

D. Defendants publicly misrepresent that the IV-D  franchise "benefits" children by enforcing parental responsibility for their support. However, in *Wehunt v. Ledbetter*, the Eleventh Circuit confirmed that "Title IV-D does not create enforceable rights on behalf of needy families with children because they are not the intended beneficiaries of the statute. Title IV-D was intended to benefit the public treasury". In *Wilder*, 496 US at 509-10, Quoting *Golden State Transit Corp. v Los Angeles*, 493 US 103, 106 (1989). Id at 510. The Court in *Golden State* suggested in dictum that a statute does not create enforceable rights if the benefit to the plaintiffs is merely incidental 493 US at 109.

### 3. Claim for Relief Under 42 U.S.C. § 1983 for False Advertisement

Defendants deprived Paige of his Rights in violation of 15 U.S.C. § 52 by knowingly and intentionally disseminating false advertisements. (a) It was unlawful for the "partnership" to disseminate, and cause to be disseminated, the false advertisements and did so (1) by United States mails, and various other means, i.e., website for the purpose of inducing, or which is likely to induce, directly or indirectly the purchase of IV-D "services; and (2) By any means, for the purpose of inducing, which was likely to induce, directly or indirectly, the purchase IV-D services, and (b) The dissemination and the causing to be disseminated the false advertisement within the provisions of subsection (a) of this section was an unfair and deceptive act.

**4. Claim for Relief Under 42 U.S.C. § 1983 Against Defendants for Forced and Compelled Association.**

A. The existence of the HHS "Customer" Service Plan, and the CSP Customer Focus proves that the IV-D franchise is in fact a private business for profit who offers and sells IV-D services to "customers". The Federal Web-Based Child Support Customer Services for Parent Promising Practice Guide encourages the Defendants to reassess their own website and consider ways in which the internet can improve franchise "customer" service. See Child Support Customer Service.

B. Customer service is the act of taking care of the customer's needs by providing and delivering professional, helpful, high quality service and assistance before, during, and after the customer's requirements are met. A customer is one who regularly or repeatedly makes purchases of, or has business dealings with, a tradesman or business house. *Aiken Mills v. United States*, D.C.S.C., 53 F.Supp. 524, 526; *Arkwright Corporation v. United States*, D.C.Mass., 53 F.Supp. 359, 361. *Gallopin v. Continental Casualty Co.*, 290 Ill. App. 8, 7 N.E.2d 771, 774. A buyer is a purchaser, or patron. *Nichols v. Ocean Accident & Guarantee Corporation*, 70 Ga.App. 169, 27 S.E.2d 764, 766.

C. The above newly discovered evidence proves that Paige was compelled to become a customer of the IV-D franchise against his will. In general, freedom of association includes the right to be free from compelled association. In *Wooley v. Maynard*, 430 U.S. 705, 97 S. Ct. 1428, 51 L. Ed. 2d 752 (1977), and *Abood v. Detroit Board of Education,* 431 U.S. 209, 97 S. Ct. 1782, 52 L. Ed. 2d 261 (1977), the Court held that freedom of association is unconstitutionally burdened where the state requires an individual to support or espouse ideals or beliefs with which he or she disagrees.

**5. Claim for Relief Under 42 U.S.C. § 1983 Against Defendants For Deprivation of Rights Under Color of Law.**

Defendants deprived Paige of his Rights under Title 42, the Public Health and Welfare Code which is comprised IV-D of the Social Security Act which is editorially compiled and organized into the title, but Title 42 itself has never been

enacted into positive law. The distinction is constitutionally significant because a non-positive law title is merely (presumed) evidence of law. See 1 U.S.C. § 204 positive law titles constitute legal evidence of the law in all Federal and State courts.

**6. Claim for Relief Under 42 U.S.C. § 1983 Against Defendants For 42 U.S.C. §408, Compelled Disclose and Use of an SSN.**

A. Defendants employed Sec. 466(a)(13) of the Social Security Act 42 U.S.C. § 666(a)(13) compelled the disclosure of a SSN for the sole purpose of hunting and tracking him like an animal and then forcing him under coercion to succeed to the status of non-custodial parent in order to establish, modify, and enforce IV-D collections.

B. WHEREFORE, there was a constitutional violation pursuant to Title 42 U.S.C. Chapter 7 Sec. 408. Penalties (a) In general Defendants in an act of collusion, and under contractual obligations (8) did compel the disclosure of the social security number held by Paige to obtain benefits from certain U.S. agencies in violation of the laws of the United States and defendants shall be guilty of a felony and upon conviction thereof shall be fined under title 18 or imprisoned for not more than five years, or both.

**7. Claim for Relief under 42 U.S.C. §1983 Against Defendants For Intentional Infliction of a Bill of Attainder, and Pain and Penalties.**

Pursuant to 42 U.S.C. § 405 (C)(2)(A)(B)(i), the 20 C.F.R. § 422.103(d) social security card account number are assigned to appropriate groups and categories of individuals. Pursuant to § 666 (a)(1)(3)(C) the non-custodial is positively identified by the SSN. Defendants acted under color of 42 U.S.C. § 666 (a)(4)(A) to place liens on Paige's real and personal property to collect amounts allegedly owed, which arose by operation of law ,the manner in which involuntary financial servitude developed upon him, by the mere application of IV-D without the act or cooperation, of Paige himself for profit. WHEREFORE, there is valid constitutional deprivation because IV-D enforcement remedies target only the individual group through an intentional

infliction of a bill of attainder, or a bill of pain and penalties. IV-D is an act of the legislature that declare non-custodial parents guilty of non-payment and punishing them without a trial by jury in violation of the Sixth Amendment, and Article I. Section 9, Paragraph 3.

## 8. Claim for Relief under 42 U.S.C. §1983 Against Defendants for First Amendment Violations and Deprivations

H.R. 4195 is a bill for inclusion for the publication of the Code of Federal Regulations. Title 45 300-399 is comprised of the principle set of regulations for IV-D issued by the U.S. Department of Health and Human Services regulating IV-D contractor's activities. WHEREFORE, there is a valid First Amendment Violation and deprivation of rights because Defendants employed 45 C.F.R. § 303.11 (12) knowingly prohibiting and depriving Paige of his Right to petition Government for redress of his grievances.

## 9. Claim for Relief under 42 U.S.C. § 1983 Against Defendants for Fourth Amendment Violations and Deprivations

A. In accordance with the SS-5 application the social security card must be shown to obtain "benefits" from certain U.S. agencies. A benefit is a pecuniary advantage profit or gain, the whole benefit and entire beneficial interest. *Bird v. Newcomb*, 170 VA. 208,196 S.E. 605, 608. Under the current contracts IV-D services was intended to benefit the public treasury not Paige. *Wehunt v. Ledbetter*, 875 F2.d 1558.

B. The SSN is the key piece of information Defendants use to employ High-Volume Automated IV-D Systems to consistently violate and deprive Paige of his Right to privacy by using the number to track and hunt him down and steal from him through Proactive Matching, Federal Parent Locator Service, State Parent Locator Service, National Directory of New Hires, State Directory of New Hires, New Hire Reporting, Multistate Financial Institution Data Match, and the Uniform Interstate Family Support Act.

13

C. The tracking and hunting of Paige was committed by Defendants lust for profit pursuant to 42 U.S.C. § 658 (a) and (f) which resulted in the violations and Paige being unconstitutionally deprived of his Rights.

D. WHEREFORE there is a valid Fourth Amendment constitutional violations and deprivation because the SSN which was issued to Paige to obtain benefits from certain U.S. agencies was deceptively used by the Defendants to subject him to the deprivations for profit with the intent to continually and consistently deprive him of his right to be secure in his person, house, papers, and effects, against unreasonable searches and seizures, for their profit, gain, and benefit not his.

**10. Claim for Relief under 42 U.S.C. §1983 Defendants for Fifth Amendment Violations and Deprivations**

A. Defendants knowingly and intentionally deprived Paige of his Right to Due Process, (adequate notice) that he would be subjected to Wage withholding; Liens on property; Offset of unemployment compensation payments; Seizure and sale of personal or real property; Reporting to credit agencies to prevent the undeserved extension of credit; Seizure of State and Federal income tax refunds; Revocation of various types of licenses (driver's, business, occupational, recreational); Attachment of lottery winnings and insurance settlements of debtor parents; Requirement that recipients of financial assistance from the Small Business Administration, including direct loans and loan guarantees, must certify that the recipient is not more than 60 days delinquent in the payment of child support; Seizure of assets held by public or private retirement funds and financial institutions; Deprivation of a debtor to a fresh start to discharge a debt completely, pay a percentage of the debt, or pay the full amount of the debt over a longer period of time because debts for child support and alimony are not dischargeable; State or Federal imprisonment, fines or both. This above constitutionally relevant because the Fifth Amendment,  P.L. 103-66, 45 C.F.R. §303.101(c)(2), Sec. 466, 42 U.S.C. §666 (a)(3)(A), and 42 U.S.C. §666 (a)(5)(C)(i) requires Paige's Due Process Rights must be protected.

14

B. Further, Defendants knowingly deprived Due Process safeguards and by not providing adequate notice to Paige that the SSN issued to him to obtain benefits from certain U.S. agencies would be under the List of Routine Uses, System # 60-0058 Master Files of Social Security Number Holders, provided to the federal OCSE to subject him to IV-D enforcement collections remedies from which Defendant profits in the billions. There is a §1983 claim for deprivation and denial of Due Process Rights because Paige possessed the "liberty and property interest" protected by the constitution and federal statutes was due before he could be deprived of that interest and property. *Green v. Bauvi,* 46 F.3d 189, 194 2d. Cir.1995.

C. WHEREFORE, there are multiple valid Fifth Amendment constitutional violations and deprivations under §1983 because IV-D contractors and their employees did not inform Paige that paternity establishment was voluntary and would be admissible as evidence and used against him. He was also subject to the same IV-D enforcement remedies placing him more than twice in jeopardy of his life, liberty and freedom, he was compelled to be a witness against himself under their requirement to provide the SSN account number.

**11. Claim for Relief under 42 U.S.C. §1983 Against Defendants for Denial of the Right to Counsel and the right to a Trial by Jury.**

Under the current IV-D contracts no attorney would accept Paige's §1983 case because it caused a conflict of interest under the current cont. WHEREFORE there is a valid Sixth Amendment violation and deprivation because Paige was unable to obtain council due to a conflict of interest deeming a lawyer unreliable because of a clash between his/her contractual obligations between the BAR and the OCSE. The American Bar Association approved IV-D for Congress which created contractual bias in the legal profession and the justice system, and Paige was subject to IV-D enforcement remedies and was unable to obtain adequate legal counsel and deprived of his Right to a speedy and public trial, by an impartial jury.

**12. Claim for Relief under 42 U.S.C. §1983 Against Defendants for Thirteenth Amendment Deprivations and Violations**

15

The above Sec. 10 A remedies constitute slavery and involuntary servitude not inflicted as punishment for crime whereof Paige was duly convicted, that now exist within this jurisdiction. WHEREFORE there are multiple Thirteenth Amendment violations and deprivations because he was compelled to labor against his will under P.L. 109-8 provisions related to establishing paternity, orders and to enforcing IV-D obligations (1) stipulate that a "IV-D obligation" is paid first priority over his financial needs. Involuntary servitude and involuntary slavery are now the constitutional term for him laboring against his will under coercion from which defendant's profit, for other than his financial needs.

### 13. Claim for Relief under 42 U.S.C. §1983 Against Defendants for Fourteenth Amendment Deprivations and Violations

A. Defendants offer 45 C.F.R. § 303.11 case closure criteria (12) to a non-IV-A recipient custodial parent (a woman) who requests "closure of a case", but Paige, the man in this case was deprived of equal protection of the laws. The Fourteenth Amendment required Defendants to provide Paige Equal Protection of the Laws under within its jurisdiction and is prohibited from unnecessary discrimination against various groups.

B. WHEREFORE, there are valid Fourteenth Amendment constitutional violations and deprivation because Paige was denied and deprived Equal Protection of the Laws when he requested case closure. Under §1983 a similarly situated person (a woman) was treated differently and the Defendant's actions were motivated by an unlawful factor. In this context "similarly situated" proves more than some specificity. *Campbell v Rainbow City*, 434 F.3d 1306, 1314 (11th Cir. 2006).

C. The comparator in this case, the custodial parent a (woman) born "equal" is similarly situated in all relevant aspects. *Griffin Inds. v. Irvin,* 496 F.3d 1189, 1202-03 (11th Cir. 2007). Paige was deprived Equal Protection because the challenged conduct was clearly motivated by intent to discriminate. *Wash v. Davis*, 426 U.S. 229, 239-48 (1976).

16

## X. FEDERAL RULES OF EVEDENCE SEC. 406.

A. Evidence of the Defendant's IV-D 31 U.S.C § 6305 and 45 C.F.R. § 302.34 contractual obligation performance duties under 45 C.F.R. § 303.107 requirements contractual, habits and routine practices for profit is hereby admitted and proves that on every occasion Defendants acted in accordance with the policies, habits, routines, and practices of IV-D contracts. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.

B. In this § 1983 claim against the above named in the performance of contractual obligations is concrete evidence proving, (1) the existence of policy custom and practice, (2) that policy, custom or practice contributed to the deprivation and violation of federal Rights. See *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir 2012); *Bd. of Comm'rs of Bryan County. v. Brown*, 520 U.S. 397, 403 (1997). *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) "A municipality or other local government may be liable under this section § 1983 if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subject *to* such deprivation" (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U. S. 658, 692 (1978). *Cash v. City of Erie* 654 F.3d 324, 333 (2d Cir 2011).

## XI. CONCLUSION

A. Paige is endowed by his Creator with certain unalienable Rights – life, liberty, and the pursuit of happiness, and to secure not grant or create these Rights, governments; (Legislative, Executive and Judicial) are instituted. That property which Paige has honestly acquired he retains full control of, subject to these limitations: First, that he shall not use it to his neighbor's injury, and that does not mean that he must use it for his neighbor's benefit, Second, that if he devotes it to public a public use, he gives the to the public a right to control that use; and Third, that whenever the public needs require, the public may take it upon payment of due compensation. See *Budd vs. People of State of New York*, 143 U.S. 517 (1892).

B. Paige did not devote his honestly acquired income to the Defendant's use or grant them the Right to control that use so that whenever their needs require

17

and his honestly acquired income, private property was taken for public use to gain federal profits without just compensation.

C. WHEREFORE, had it not been for the Defendants entering into a partnership and performing IV-D contractual obligations and duties of the CSP who is factually an  arm of the federal OCSE in contrast to their constitutional creation duties and limitations for a private for-profit business by offering and selling IV-D services to customers with the freedom to spend its share of profits in any manner they see fit, Paige would not be subjected within this jurisdiction to the deprivation of his Personal Liberties, Rights, Privileges, and Immunities secured by the Federal and State Constitution and the Laws, under color of law, customs, routines habits and usage in this District.

## XII. REMEDY BY DUE COURSE OF LAW

State and family law did do "major damage" to clear and substantial federal interest before Paige can demand intervention of a federal court. *Hisquierdo*, 439 U.S. at 581. There is a factual nexus between the Defendants who deliberately and with premeditation deprived Paige of his Personal Liberties. Rights, Privileges and Immunities that resulted in the injuries, loss, and damages he now suffers which are now remediable by the Defendants. See *Allen v. Wright,* 468 U.S. 737, 750-51, 104 S. Ct. 3315, 3324, 82 L.Ed.2d 556, 569.

## XIII. TRIAL BY JURY

Paige hereby exercises his Right to trial by jury on all claims and issues so triable.

## XIV. PRAYER FOR RELEIF

WHEREFORE, because Defendants acted fraudulently and with reckless malice for profit, to set right the above unconstitutional conditions, this Court should enter judgment in Paige's favor to terminate the private for profit contractual non-judicial IV-D Collections Case #99-J-00053/IV-D #2197188 effective immediately to end the deprivation of his rights privileges and immunities and uphold his right to provide for his offspring in private and,

18

- Enter judgment in his favor for punitive damages for the deprivations and violations of his rights, privileges and immunities so secured in the amount of $120,000.00 against the 42 U.S.C. § 654 (3) Child Support Program for actual general, special compensatory damages and,
- Enter judgment in his favor for punitive damages for the deprivations and violations of his rights, privileges and immunities so secured in the amount of $120,000.00 against 45 C.F.R. § 75.2 contractor Warren County for actual general, special compensatory damages and
- Enter judgment in his favor for punitive damages for the deprivations of his rights, privileges and immunities so secured in the amount of $120,000.00 against Warren County Circuit Court Division III for actual general, special compensatory damages and,
- Enter judgment in his favor for punitive damages for the deprivations of his rights, privileges and immunities so secured in the amount of $120,000.00 against Warren County Sheriff Department for actual general, special compensatory damages and,
- Enter judgment in his favor for punitive damages for the deprivations of his rights, privileges and immunities so secured in the amount of $120,000.00 against 45 C.F.R. § 75.2 contractor Warren County Regional Jail for actual general, special compensatory damages and,
- Enter judgment in his favor for punitive damages for the deprivations of his rights, privileges and immunities so secured in the amount of $120,000.00 against 45 C.F.R. § 75.2 contractor Brandi Duvall for actual general, special compensatory damages and
- Enter judgment in his favor for punitive damages for the deprivations of his rights, privileges and immunities so secured in the amount of $120,000.00 against 45 C.F.R. § 75.2 contractor David A. Lanphear for actual general, special compensatory damages and,
- Enter judgment in his favor for punitive damages for the deprivations of his rights, privileges and immunities so secured in the amount of $120,000.000 against 45 C.F.R. § 75.2 contractor James Downey for actual general, special compensatory damages and,
- Enter judgment in his favor for punitive damages for the deprivations of his rights, privileges and immunities so secured in the amount of $120,000.00 against 45 C.F.R. § 75.2 contractor Lisa Clark for actual general, special compensatory damages and,
- Enter judgment in his favor for punitive damages for the deprivations of his rights, privileges and immunities so secured in the amount of $250,000.00 against 45 C.F.R. § 75.2 contractor Warren County Child Support Enforcement Services Inc. for actual general, special compensatory damages and,
- Enter judgment in his favor for punitive damages of $100,00.00 for false arrest and false imprisonment and for actual general, special compensatory damages and,

19

- Enter judgment in his favor for punitive damages of $250,000.00 for illegal restriction to 5 years probation and for actual general, special compensatory damages and,
- Enter judgment in his favor for punitive damages of $250,000.00 for illegal felony conviction and for actual general, special compensatory damages and,
- Enter judgment in his favor for a full refund of his honestly acquired income of $26, 887.06 against each defendant and,
- Enter judgment in his favor for the 42 U.S.C. §654(3) CSP's 66 percent and the 45 C.F.R. §302.34  Warren County's 34 percent share of federal revenue as well as penalties with 18 percent interest and,
- Enter judgment in his favor to remove any and all negative reporting to all credit bureau's affecting his private person and professional credit reputation and,
- Enter judgment in his favor for a letter of apology from each Defendant.

The undersigned being duly sworn that he suffers from injuries and damages voluntarily and contractually inflicted upon him with premeditation by the Defendants who committed the above violations and deprivations under color of law for profit. The concrete evidence and facts presented herein are true.

Subscribed and Sworn to on this 18th day of February , 2020, by

Jyrome of the Family Paige

_____

1737 Duchess dr.
Bowling Green, Ky. 42101

20

## Certificate of Service

Copies of Complaint were sent via USPS certified mail to the following below:

42 U.S.C. §654(3) Alone And Apart
Child Support Program
1001 Center Street, Suite 206
Bowling Green, KY. 42101

Clerk of Court Brandi Duvall
1001 Center Street, Suite 102
Bowling Green, KY. 42101

Warren County, KY.
1001 Center Street, Suite 206
Warren County, KY. 42101

Judge David A. Lanphear
1001 Center Street, Suite 102
Bowling Green, KY. 42101

Warren County Circuit Court, Division III
1001 Center Street, Suite 102
Bowling Green, KY. 42101

Judge James Downey
1001 Center Street, Suite 102
Bowling Green, KY. 42101

Warren County Sheriff's Department
429 East 10th Ave., Suite 102
Bowling Green, KY. 42101

Lisa Clark
1001 Center Street, Suite 206
Bowling Green, KY. 42101

Warren County Regional Jail
920 Kentucky Street
Bowling Green, KY. 42101

Warren County Child Support
Enforcement Services Inc.
360 East 8th Ave., #301
Bowling Green, KY. 42101