UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00034-GNS

JYROME OF THE FAMILY PAIGE                                                      PLAINTIFF

v.

CHILD SUPPORT PROGRAM, et al.                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (DN 4) and Defendants' Motions to Dismiss (DNs 6, 8). These matters are now ripe for adjudication. For the reasons that follow, Plaintiff's motion is **DENIED**, and Defendants' motions are **GRANTED**.

### I.    BACKGROUND

#### A.    Statement of Facts

Plaintiff Jyrome of the Family Paige ("Paige") initiated this 42 U.S.C. § 1983 action, *pro se*, alleging violations of his rights under the United States Constitution, federal law, and state law. (Compl. 1, DN 1). While Paige's Complaint is somewhat unclear, he alleges that ten defendants—Child Support Program, Warren County, Warren Circuit Court Division III, Warren County Sheriff's Department, Warren County Regional Jail, Brandi Duvall, Judge David Lanphear, Judge James Downey, Lisa Clark, and Warren County Child Support Enforcement Services (collectively, the "Defendants")—"forced and compelled him to associate with them against his will thus violating Article I. Section 9 Paragraph 3, and his First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights . . . ." (Compl. 1-2). Paige also alleges that "Title IV-D . . . violated the United States Constitution for billions in incentive money and profits . . . ." (Compl. 2).

1

Paige's Title IV-D allegation appears to refer to 42 U.S.C. Chapter 7. Subchapter IV, Part D of the Social Security Act—a federal statutory scheme meant to assist states to collect child support, establish paternity, locate absent parents, and help families obtain support orders. *See* 42 U.S.C. §§ 651-669b; *Blessing v. Freestone*, 520 U.S. 329, 333-34 (1997). Kentucky has established a federally approved Title IV-D plan through the creation of the Kentucky Department for Income Support, Child Support Enforcement within the Cabinet for Health and Family Services. *See* KRS 205.712. As such, the root of the Complaint appears to be a child support decision made by the Warren County Child Support Division in accordance with Title IV-D and KRS 205.710-205.800. (Compl. 8-9).[1] Paige alleges that he was fraudulently induced to enter into a contract, which again appears to refer to an agreement to make child support payments. (Compl. 9).

B. **Procedural History**

On February 18, 2020, Paige filed a Complaint pursuant to 42 U.S.C. § 1983 alleging numerous violations of his constitutional rights by Defendants.[2] (Compl. 1). His stated claims for

---

[1] While the Complaint never actually identifies a child support order as the source of Paige's alleged harm, it does allege that he was "induced to make a commitment to Defendants to cooperate in the payment of IV-D; to participate in employment or related activities so he could make regular payments to the Defendants; a commitment to participate in services, designed to compel Paige to obtain and retain employment and increase his earnings in order to increase their federal profits . . . ." (Compl. 8-9). This Child Support Order appears to be attached as Exhibit U to the Complaint. (Compl. Ex. U, at 5-9, DN 1-21). In his reply, Paige does clarify, by contrast, that he "does not stretch a child support dispute . . . ." (Pl.'s Resp. Defs.' Mot. Dismiss, DN 14).
[2] The Complaint does not clarify whether the individual Defendants are being sued in their individual or official capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc) ("When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings to determine whether" the defendant has been notified of the potential for personal liability). Even assuming, *arguendo*, that Paige intended to sue the individual Defendants in their individual capacities, he has failed to effectively do so. To state a Section 1983 claim against a person in an individual capacity, the plaintiff must allege at least some personal involvement of the individual in question. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). The Complaint has alleged no facts regarding any action taken by any of the

relief are as follows: fraudulent inducement, fraud, false advertisement, forced and compelled association, compelled disclosure of his social security number, intentional infliction of a bill of attainder, a First Amendment violation, a Fourth Amendment violation, a Fifth Amendment violation, denial of right to counsel and trial by jury, a Thirteenth Amendment violation, and a Fourteenth Amendment violation. (Compl. 8-16). On that same day, Paige moved for a preliminary injunction to stop the "IV-D foreign corporation from illegally seizing his property." (Pl.'s Mot. Prelim. Inj. 1, DN 4). Defendants subsequently moved to dismiss Paige's claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Defs.' Mots. Dismiss, DNs 6, 8). Defendants responded to Paige's motion for a preliminary injunction, and Paige replied. (Defs.' Resps. Pl.'s Mot. Prelim. Inj., DNs 7, 9; Pl.'s Replies Defs.' Resps. Mot. Prelim. Inj., DNs 11, 13). Paige also supplemented the Complaint with four additional exhibits. (Compl. Supps., DNs 10, 16). Finally, Paige responded to the motions to dismiss, and Defendants replied. (Pl.'s Resps. Defs.' Mots. Dismiss, DNs 12, 14, 17; Defs.' Reply Mot. Dismiss, DN 15).[3] These matters are now ripe for decision.

## II. **JURISDICTION**

The Court has subject matter jurisdiction over this action via federal question under 42 U.S.C. § 1983 and supplemental jurisdiction over the state law claims. *See* 28 U.S.C. §§ 1331, 1367(a).

---

individual Defendants. As such, there is no basis for personal liability of any of the named Defendants.

[3] Defendants contend in their reply that Paige's claims are also barred by the relevant statute of limitations because they accrued some 19 to 21 years ago. (Defs.' Reply Mot. Dismiss 4). While this may be true, Defendants cannot assert a new ground for dismissal for the first time in their reply.

### III. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). Even so, the Court need not accept a party's "bare assertion of legal conclusions." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citation omitted). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Complaints drafted by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citations omitted). Even so, the Court's "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *Cope v. Jefferson Cty. Circuit Court*, No. 3:15-CV-P254, 2015 WL 5437130, at *2 (W.D. Ky. Sept. 15, 2015) (quoting *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)).

### IV. DISCUSSION

Defendants' motions to dismiss contend, first, that many of the Defendants are immune from suit and, second, that any remaining claims fail to provide sufficient factual allegations to state a claim for relief under Fed. R. Civ. P. 12(b)(6). (Defs.' Mem. Supp. Mot. Dismiss 3, DN 6-1; Defs.' Mot. Dismiss 2, DN 8). Defendants similarly argue that Paige has failed to articulate

sufficient reasons why he is entitled to a preliminary injunction. (Defs.' Resps. Pl.'s Mot. Prelim. Inj. 1-2, DNs 7, 9).

A.  **Immunity**

Defendants motion to dismiss clarifies that both David Lanphear and James Downey are a judge and former judge, respectively, of the Warren Circuit Court Division III (collectively, the "Judges"). (Defs.' Mot. Dismiss 1, DN 8). The Judges are entitled to immunity regardless of whether they are being sued in their official or individual capacities.[4] An official capacity suit against a state judge is barred by the Eleventh Amendment, and an individual capacity suit is barred by absolute judicial immunity for acts committed within the judge's judicial capacity. *Bennett v. Thorburn*, 843 F.2d 1390, 1988 WL 27524, at *1 (6th Cir. 1988) (citations omitted). "State judges enjoy absolute immunity from liability under 42 U.S.C. § 1983 . . . even where a judge acts corruptly or with malice." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (internal citation omitted) (citing *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)). A judge is not immune, however, under two circumstances: (i) "for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;" and (ii) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted).

The Complaint is completely devoid of allegations concerning any actions personally taken by either of these Judges. It is unclear whether Paige ever met these Judges, appeared before them, or was in any way impacted their rulings. As such, Paige has not demonstrated that the Judges acted in a non-judicial way or without jurisdiction. Furthermore, insofar as Paige's claims arise

---

[4] The Supreme Court has made clear that it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (citation omitted).

5

from an adverse child support decision, KRS 23A.100(1)(d) provides that family courts have jurisdiction over cases dealing with "[m]aintenance and support." The Judges are therefore entitled to absolute immunity from this suit.

Next, Paige names as Defendants both Warren Circuit Court Clerk Brandi Duvall ("Duvall") and Warren Circuit Court, Division III. (Compl. 1). Paige's claims against Duvall in her official capacity and against Warren Circuit Court are barred by the doctrine of sovereign immunity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. It is a suit against the State itself." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (alteration in original) (internal quotation marks omitted) (internal citation omitted) (citation omitted). The state is, in turn, immune from suit under the Eleventh Amendment. *Id*. (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Moreover, a "state, its agencies, and its officials may not be sued in their official capacities for damages in federal court . . . ." *Cope*, 2015 WL 5437130, at *2 (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).

Duvall, as the Warren Circuit Court Clerk, is considered a "state officer[] whose duties are coextensive with the Commonwealth . . . ." KRS 30A.010(2). The Warren Circuit Court is, similarly, a subdivision of the Commonwealth of Kentucky. *See* Ky. Const. § 112; KRS 23A.100. Any suit against Duvall is technically a suit against her employer, Warren Circuit Court, which is an instrumentality of the Commonwealth of Kentucky. Therefore, Duvall and Warren Circuit Court, as an employee and an entity of the Commonwealth of Kentucky, respectively, are immune insofar as Paige seeks monetary relief from the Defendants. *See Tapp v. O'Nan*, No. 4:18-CV-P133, 2019 WL 3938480, at *3 (W.D. Ky. Aug. 20, 2019) ("Plaintiff's claims against the Henderson Circuit Court are barred by the Eleventh Amendment and must be dismissed for

seeking monetary relief from a Defendant immune from such relief." (citations omitted)); *Tinsley v. Henderson Cty. Det. Ctr.*, No. 4:16-CV-P27, 2016 WL 4626257, at *2 (W.D. Ky. Sept. 1, 2016) (same) (citations omitted); *Cope*, 2015 WL 5437130, at *2 (holding that the Jefferson Circuit Court Clerk's Office and the Circuit Court Clerk were immune from Section 1983 claims); *Baltierra v. Fayette Circuit Court*, No. 5:13-CV-398, 2013 WL 6706002, at *2 n.2 (E.D. Ky. Dec. 18, 2013) ("As a constitutional arm of government, the circuit courts are entitled to Eleventh Amendment immunity."); *see also Carman v. Burlew*, No. 4:15-CV-P114, 2016 WL 324545, at *2 (W.D. Ky. Jan. 26, 2016) (following *Cope*).

Because Judge David Lanphear, Judge James Downey, Brandi Duvall, and Warren Circuit Court are all immune from suit, the claims against them are dismissed.[5]

B. **Failure to State a Claim**

The remaining Defendants—Child Support Program, Warren County, Warren County Sherriff's Department, Warren County Regional Jail, Lisa Clark, and Warren County Child Support Enforcement Services—[6]all contend that Paige has failed to plead sufficient facts to state a claim for relief. (Defs.' Mem. Supp. Mot. Dismiss 3-5). As an initial matter, the Child Support Program, Warren County Sherriff's Department, Warren County Regional Jail, and Warren

---

[5] If sued in their individual capacities, the individual Defendants are also likely entitled to qualified immunity. *See Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011) ("Under the doctrine of qualified immunity, government officials performing discretionary functions are shielded from civil liability unless their conduct violates clearly established constitutional rights." (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))).

[6] Paige listed as Defendants both Child Support Program and Warren County Child Support Enforcement Services, Inc., but these "parties" are not represented by counsel and have not responded to the Complaint. Defendants clarify, however, that these are not legal entities subject to suit apart from Warren County. (Defs.' Mem. Supp. Mot. Dismiss 1). As such, claims against those named Defendants are construed as claims against Warren County itself. Moreover, the Complaint identifies one Defendant as Warren County Child Support Enforcement Services, Inc., but there is no indication that this entity is an incorporated private company rather than part of the Warren County Attorney's office.

7

County Child Support Enforcement Services all operate as part of the government of Warren County. Lisa Clark is not clearly identified in the Complaint, but she appears to be an employee of one of these county entities for official capacity purposes. *See Russell*, 784 F.3d at 1046. Because all remaining Defendants are sub-entities of or employees of Warren County, the county itself is therefore the proper Defendant for the Court to consider here. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint." (citations omitted)); *Tinsley*, 2016 WL 4626257, at *3 (construing claims against the Henderson County Detention Center as against Henderson County); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Because the claims against Child Support Program, Warren County Sherriff's Department, Warren County Regional Jail, Lisa Clark, and Warren County Child Support Enforcement Services are all duplicative of the claim against Warren County itself, those claims are dismissed.

This Court will then consider Paige's allegations against Warren County. "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Rather, a plaintiff must show that the alleged injury occurred as a result of an official policy or custom. *Id*. at 694. As such, to demonstrate liability, a plaintiff must: "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

As noted, the Complaint is scarce on facts but seems to take issue with a previously awarded child support order. In Paige's response to the motions to dismiss, he for the first time notes that "[a]round August 1999 or September 1999, [he] was administratively 'directed' to a non-judicial IV-D hearing in an attempt to require him to voluntarily establish paternity . . . ." (Pl.'s Resp. Defs.' Mots. Dismiss 3). While this information provides a modicum of context concerning Paige's claims, this information is still vague and not properly included in Paige's pleadings. *See* Fed. R. Civ. P. 7(a) (listing allowed pleadings). Moreover, nowhere has Paige alleged an official policy or custom on the part of Warren County that has deprived him of his rights. Rather, the Complaint is replete with legal conclusions alleging sweeping constitutional violations. These alleged violations all appear to be connected with Warren County's role in implementing Kentucky's Title IV-D system. It is unclear, however, how this child support scheme constitutes a policy or custom that deprived Paige of any of his constitutional rights. Rather, Paige's vague allegations relate to the normal operation of the Kentucky Department of Child Support Enforcement, as authorized by statute. *See* KRS 205.712(2). While a *pro se* Complaint must be liberally construed, it is not the duty or prerogative of this Court to fill in the legal and factual gaps needed to save Paige's claims.

In sum, Paige has completely failed to allege facts relevant to an alleged constitutional violation by Warren County or any of the other named Defendants. Paige has therefore failed to state a claim for relief as to Child Support Program, Warren County, Warren County Sheriff's Department, Warren County Regional Jail, Lisa Clark, and Warren County Child Support Enforcement Services.[7] These claims will be dismissed.

---

[7] Defendants also contended that Warren County was entitled to sovereign immunity from Paige's Section 1983 claim because it too is an arm of the state. (Defs.' Mem. Supp. Mot. Dismiss 10). This proposition certainly appears to be true on the state level. *See Lexington-Fayette Urban Cty.*

C. **Preliminary Injunction**

Paige has also requested a preliminary injunction. (Pl.'s Mot. Prelim. Inj. 1-3). Although it is not entirely clear exactly what Paige wishes this Court to enjoin, there are two clues. First, the motion is titled "Motion for Preliminary Injunction/Demand for IV-D Foreign Corporation to Cease from Illegally Seizing Property." (Pl.'s Mot. Prelim. Inj. 1). Second, Paige states that "the evidence prove the IV-D judgment against him is void . . . ." (Pl.'s Mot. Prelim. Inj. 3). As such, it appears that Paige wishes this Court to enjoin enforcement of some unspecified child support award. Paige's reply further requests this Court to enjoin Defendants from enforcing KRS 403, which is the entire KRS Chapter governing the dissolution of marriage and child custody. (Pl.'s Reply Defs.' Resps. Mot. Prelim. Inj. 1).

To determine whether a preliminary injunction is appropriate, a district court must consider four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (citation omitted). For all of the reasons already discussed, Paige has not demonstrated a strong likelihood of success on the merits. Given that his claims are dismissed, he will clearly not succeed

---

*Gov't v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004) ("Kentucky counties are cloaked with sovereign immunity." (citation omitted)). It does not, however, mean that counties are immune from Section 1983 claims because federal law governs the issue of immunity from federal claims. *See Jefferson Cty. Fiscal Court v. Peerce*, 132 S.W.3d 824, 836 (Ky. 2004) (relying on *Howlett v. Rose*, 496 U.S. 356 (1990), and noting that "state treatment of sovereign immunity is not relevant to a determination of whether a party is immune from § 1983 liability because only federal jurisprudence is controlling on this issue."). Under federal law, a county is not an arm of the state for immunity purposes. *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401 (1979) (citations omitted).

on the merits of his case. Next, Paige has failed to plead any irreparable harm; in fact, it is unclear what harm Paige has allegedly suffered, irreparable or otherwise. Regarding harm to others, enjoining a child support order would clearly harm the recipient of any such order. Enjoining the entire statutory scheme in the Commonwealth of Kentucky would, in turn, harm every recipient of a child custody award. As such, doing so is clearly not in the public interest. Paige has not successfully argued that any factor weighs even slightly in his favor, and he is therefore not entitled to a preliminary injunction. *See Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) ("A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." (citation omitted)).

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction (DN 4) is **DENIED**, and Defendants' Motions to Dismiss (DNs 6, 8) are **GRANTED**. Paige's claims against Child Support Program, Warren County, Warren Circuit Court Division III, Warren County Sheriff's Department, Warren County Regional Jail, Brandi Duvall, Judge David Lanphear, Judge James Downey, Lisa Clark, and Warren County Child Support Enforcement Services are all **DISMISSED**. The Clerk is directed to strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

April 9, 2020

cc: counsel of record
Jyrome of the Family Paige, *pro se*